Tony RIZZI, doing business as the Mail Box, Plaintiff,

v.

Winton M. BLOUNT, Postmaster General of the United States of America; and Everett T. Carpenter, Postmaster of the City of Los Angeles, State of California, Defendants.

No. 69–64–R.

United States District Court
C. D. California.

June 10, 1969.

---

3. Having decided that the arrests themselves were invalid, thereby automatically invalidating the incidental search, we pretermit as unnecessary a discussion of the permissible extent of the search under the rule announced in Chimel v. State of California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

Stanley Fleishman, Hollywood, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

Before HUFSTEDLER, Circuit Judge, and CARR and REAL, District Judges.

**PER CURIAM:**

Plaintiff brought this action for declaratory and injunctive relief against the Postmaster General of the United States and the Postmaster of the City of Los Angeles. Plaintiff alleges that 39 U.S.C. § 4006,[1] on its face, and as construed and applied to plaintiff, violates rights guaranteed to the plaintiff by the First, Fifth, Sixth, and Seventh Amendments of the United States Constitution. A three-judge District Court was convened pursuant to 28 U.S.C. § 2284 to hear plaintiff's application for an injunction to restrain enforcement of the statute.

The statute authorizes the Postmaster General, after an administrative hearing, to decide whether mailed matter is obscene and further authorizes the Postmaster General to impose a mail block against the sender of such matter following the Postmaster General's determination that the matter is obscene. The burden of seeking judicial review of the Postmaster General's decision is placed on the person against whom the mail block has been imposed.

The statute is unconstitutional on its face, because it fails to meet the requirements of Freedman v. Maryland (1965) 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649. (Cf. Lamont v. Postmaster Gener-

1. 39 U.S.C. § 4006 provides: "Upon evidence satisfactory to the Postmaster General that a person is obtaining or attempting to obtain remittances of money or property of any kind through the mail for an obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, or is depositing or causing to be deposited in the United States mail information as to where, how, or from whom the same may be obtained, the Postmaster General may—

(1) direct postmasters at the office at which registered letters or other letters or mail arrive, addressed to such a person or to his representative, to return the registered letters or other letters or mail to the sender marked "Unlawful'; and

(2) forbid the payment by a postmaster to such a person or his representative of any money order or postal note drawn to the order of either and provide for the return to the remitters of the sums named in the money orders or postal notes."

al (1965) 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398.) We have no occasion to consider the remaining contentions of the parties, and we do not pass upon the nature of the materials claimed to be the subject of the administrative hearing.

Counsel for plaintiff is directed to prepare proposed findings of fact, conclusions of law, and judgment, pursuant to Local Rule 7 of this court and the Federal Rules of Civil Procedure.